1009-22509

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| WELLELA HIRPASSA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: CAL09-22509 |
| ) | |
| PRINCE GEORGE'S COUNTY ) | |
| GOVERNMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**COMES NOW** the Defendant, Prince George's County Government, through undersigned counsel, and states the following in support of its Motion to Dismiss filed in this action:

### I.  INTRODUCTION

Plaintiffs' Complaint centers around an incident that occurred on August 5, 2008 at Toledo Terrace, Hyattsville, Prince George's County, Maryland when police officers employed by and on duty for the Prince George's County Police Department were involved in the shooting death of Brook T. Genet (hereinafter "Decedent"). *See Plaintiff's Complaint at ¶6.*

On this basis, Plaintiff brings a number of claims against Defendant Prince George's County Government, including a claim for negligence as against Prince George's County Government. *See id. at ¶11-12.* Plaintiff further asks for judgment on all counts as against Prince George's County Government on all counts. *See id.*

### II.  STANDARD OF REVIEW

- 1 -



A Motion to Dismiss lies where there is no justiciable controversy. *Blackwater v. State*, *303 Md. 461, 494 A.2d 934 (1985)*. When moving to dismiss, a defendant is asserting that, even if the allegations of the complaint are true, the plaintiff is not entitled to relief as a matter of law. *Lubore v. RPM Assocs.*, *109 Md. App. 312, 674 A.2d 547 (1996)*. The Court must assume the truth of all relevant and material facts that are well pleaded and all inferences, which can be reasonably drawn from those pleadings. *Bennett Heating & Air Conditioning, Inc. v. NationsBank*, *103 Md. App. 749, 654 A.2d 949 (1995), rev'd on other grounds, 342 Md. 169, 674 A.2d 534 (1996)*.

### III.   ARGUMENT

#### A.   Plaintiff has named an entity not *Sui Juris*.

Plaintiff has filed suit against the "Prince George's County Police Department." However, Maryland law provides that charter counties are governed by their adopted charters. Md. Ann. Code, Art. 25A. The Charter for Prince George's County provides that:

> *The corporate name shall be "Prince George's County, Maryland", and it shall thus be designated in all actions and proceedings touching its rights, powers, properties, liabilities, and duties.*

See *County Charter, §103*.

Thus, there is no legal entity known as "Prince George's County Police Department," which is a named Defendant. Since the aforementioned is not a legal entity, this Court lacks jurisdiction over the person of the named Defendant "Prince George's County Government" and Plaintiff has failed to state a claim upon which relief can be granted.

#### B.   Even if the proper party had been named, Prince George's County, Maryland is Immune from suit in this action.

Even if Plaintiff had named the proper party in this action in Prince George's County, Maryland, the County is immune from suit.

The County cannot be found negligent or liable for common-law torts as a matter of law, as it is immune under the doctrine of governmental immunity. Under this doctrine, local governments are immune from suits filed against the local government in its own capacity, from claims of common law torts. <u>Nam v. Montgomery County, Maryland</u>, 127 Md. App. 172, 732 A.2d 356 (1999). This immunity continues to apply even when the doctrine of respondeat superior is involved <u>See Jesse Williams, Jr v. Prince George's County, Maryland et al.</u>, 112 Md. App. 526, 552-54, 685 A.2d 884 (1996); <u>Gray-Hopkins v. Prince George's County, Maryland</u>, 309 F.3d 224 (4th Cir. 2002).

The court has created a test to distinguish governmental function from proprietary function. The test as stated by the Court of Special Appeals is:

> *Where the act in question is sanctioned by legislative authority, is solely for the public benefit, with no profit or emolument inuring to the municipality, and tends to benefit the public health and promote the welfare of the whole public, and has in it no element of private interest, it is governmental in its nature.*

<u>Town of Brunswick, supra</u> at 559, (quoting <u>Mayor and City Council of Baltimore v. State, Use of Alice Blueford</u>, 173 Md. 267, 276, 195 A. 571 (1937)). Another way of expressing the test is "whether the act performed is for the common good of all or for the special benefit or profit of the corporate entity." <u>Town of Brunswick supra</u>, (quoting <u>Tadjer v Montgomery County</u>, 300 Md. 539, 547, 479 A.2d 1321(1984)).

It has long been established that a county's operation of a police force is a governmental function and therefore counties are immune from common law tort claims asserted against them

based on torts committed by their police officers. *Dipino v. Davis*, 354 Md. 18, 48, 729 A.2d 354 *(1999)*(police functions are "quintessentially governmental in nature" therefore there is no common law liability for a local government arising from such functions); *Williams v. Prince George's County, Maryland*, 112 Md. App. 526, 553 – 554, 685 A.2d 884 (1996); *Vincent v. Prince George's County, Maryland*, 157 F.Supp.2d 588 (D. Md 2001).

Additionally, "the Local Government Tort Claims Act [LGTCA], by its own terms, contains no specific waiver of governmental immunity when a governmental entity is sued in its own capacity." *Nam,* 127 Md. App. at 184. The LGTCA, MD Code Ann., Courts and Judicial Proceedings Art., sec. 5-301 et seq., "does not authorize the maintenance of a suit directly against the local government." *Id. See also*: *Livesay v. Baltimore County, Maryland*, 384 Md. 1, 862 A.2d 33 (2004)("the LGTCA does not authorize any actions directly against local governments ...."); *Williams v. Mayor and City Council of Baltimore*, 128 Md. App. 1, 736 A.2d 1084 (1999)(City of Baltimore could not be sued directly and suit against it was properly dismissed)(rev'd on other grounds regarding dismissal of claims against individuals); and *Khawaja v. Mayor and City Council of Rockville, Maryland*, 89 Md. App. 314, 598 A.2d 489 (1991).

The mere fact that the County may have an obligation to indemnify its employees does not create liability on the part of the County as a party. For example, a plaintiff in an auto accident case has no cause of action against defendant's insurance company, the indemnor of the defendant. As the Court of Special Appeals stated in *Nam v. Montgomery County, Maryland*, "[t]he governmental entity's liability is analogous to a public liability policy on an automobile. The insurance company is liable [to its assured] for such damages as its assured may inflict, but,

- 4 -

generally speaking, the insurance company is not an entity which may be sued for its assured's torts." *127 Md. App. 172, 184, 732 A.2d 356 (1999).*

Applying the test to this instance, there is no question that the running of a police department is a governmental function, and even if the proper party had been named, the County would still be due dismissal in this action.

## IV.   CONCLUSION

**WHEREFORE**, and for the reasons above stated, Defendant Prince George's County Government respectfully requests that this Honorable Court enter an **ORDER DISMISSING** Plaintiff's Complaint.

                Respectfully submitted,

                **STEPHANIE P. ANDERSON**
                **COUNTY ATTORNEY**

                **RAJESH A. KUMAR**
                **ACTING DEPUTY COUNTY ATTORNEY**

                */s/ Brennan C. McCarthy*
                Brennan C. McCarthy - MC3843
                Associate County Attorney
                14741 Governor Oden Bowie Drive
                Office of Law – Room 5121
                Upper Marlboro, Maryland 20772
                (301) 952-5585 (voice)
                (301) 952-3071 (facsimile)
                *Attorney for Defendant County*

CANNED

L09-22509

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

WELLELA HIRPASSA, *et al.*,    )
                               )
      Plaintiffs,          )
                               )
v.                             )    Case No.: CAL09-22509
                               )
PRINCE GEORGE'S COUNTY         )
GOVERNMENT, *et al.*,          )
                               )
      Defendants.          )

## NOTICE OF SERVICE OF DISCOVERY MATERIALS

**I HEREBY CERTIFY** that on this \_\_\_\_ day of September, 2009, a copy of this Notice and Prince George's County Governments Interrogatories and Request for Production of Documents to Plaintiff Wellela Hirpassa, were forwarded via United States, First-Class Mail, postage pre-paid, to:

    Wellela Hirpassa, *Pro Se*
    6701 14th Street, N.W.
    Apt. 309
    Washington, D.C. 20012

and that the original documents will be retained in my possession, without alteration, until this cases is concluded with this court, the time for noting an appeal has expired, and any appeal noted as been decided.

                Respectfully submitted,

                **PRINCE GEORGE'S COUNTY**
                **OFFICE OF LAW**

                Brennan C. McCarthy – MC3843
                Associate County Attorney
                14741 Governor Oden Bowie Drive
                Suite 5121
                Upper Marlboro, Maryland 20772
                (301) 952-5585

[Stamp, rotated: PR GEO CO MD, 16 / 2009 SEP -8 PM 4:13 / Clerk of the Circuit Court]